UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

"IN ADMIRALTY"

Case No. 1:23-cv-942

IN THE MATTER OF THE COMPLAINT OF
JOHN SANOCKI and MICHELLE
SANOCKI, as Owners of a 1993
Carver 390 AFT Cabin Motor Vessel with Hull
ID Number CDRW3032E393, for Exoneration
from or Limitation of Liability,

       Petitioners.
_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of JOHN SANOCKI and MICHELE SANOCKI (collectively, "Petitioners"), as owners of a certain 1993 Carver 390 AFT Cabin motor vessel with Hull ID Number CDRW3032E393 (the "Vessel"), in a cause of action civil and maritime, respectfully alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

2. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. At all material times hereto, JOHN SANOCKI and MICHELE SANOCKI were the registered owners of the Vessel.

4. At all material times hereto, JOHN SANOCKI, was domiciled in Muskegon County, Michigan, within this district.

5. At all material times hereto, MICHELLE SANOCKI, was domiciled in Muskegon County, Michigan, within this district.

6. Venue is proper in this district under 28 U.S.C. §1391 as the events giving rise to the claim occurred, and a substantial part of property that is the subject of the action, including the Vessel, is situated within this district.

7. At all material times hereto, the Vessel was a seaworthy vessel, properly titled under the laws of the State of Michigan, and was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and reasonably fit for use in and around waters of the United States.

8. The events which give rise to this Petition occurred while the Vessel was located at Safe Harbor Great Lakes Marina, a marina located on the navigable waters of the United States on Lake Michigan in the vicinity of Muskegon, Michigan, within this district.

9. On March 6, 2023, a fire occurred involving the Vessel that allegedly caused damage to Safe Harbor Great Lakes Shed #3 and several vessels in Safe Harbor Great Lakes Shed #3.

10. Any injuries, losses or damages that occurred or were alleged to have occurred on March 6, 2023, were not caused or contributed to by any fault, neglect, want of care or design on the part of JOHN SANOCKI or MICHELLE SANOCKI and/or any unseaworthy condition of the Vessel, but, on the contrary, were caused solely by conditions beyond Petitioners' control and actual or constructive knowledge.

11. Petitioners deny that they or the Vessel or any other person or property for whom or for which they may be responsible are liable to any extent for all claims and damages arising out of the above incident. Petitioners specifically deny any and all liability for any claims or losses, or damages occasioned by, or resulting from, the matters and happenings alleged above and state that they have a valid defense to any such claim. Petitioners desire to contest their liability for any

such claims and, therefore, show that they are entitled to a decree exonerating them and the Vessel from liability.

12. Petitioners further allege that any and all damages and losses as aforesaid were done, occasioned and incurred without fault on the part of Petitioners and without their privity or knowledge, actual or imputed. Should this Honorable Court, however, adjudge that Petitioners are liable to any extent in the premises, either jointly or severally, the Petitioners claim the benefits of the Limitation of Liability Laws of the United States, 46 U.S.C. § 30501 *et seq.*, and all statutes amendatory thereof and supplementary thereto.

13. This Complaint is filed within six (6) months of the incident and first written correspondence sent by Latitude Subrogation Services on behalf of Farm Bureau Insurance of Michigan as subrogor of Nathaniel Wolf and dated March 24, 2023, and is therefore timely.

14. Petitioners estimate that the value of the Vessel, including its equipment, apparel, appurtenances, etc., was no more than Five Hundred and No/100 dollars ($500.00) following the termination of the voyage which gave rise to this limitation action.

15. There was no pending freight arising from the voyage upon which the vessel was engaged on March 6, 2022.

16. Accordingly, Petitioners estimate that their interest in the vessel and pending freight was Five Hundred and No/100 dollars ($500.00) following the termination of the voyage which gave rise to this limitation action.

17. Petitioners allege that the amount of the damages and/or claims hereinabove described, and all other possible claims against Petitioners and the Vessel exceed the amount or value of Petitioners' interest in the Vessel and pending freight.

18. Petitioners offer and will file herein an *Ad Interim* Stipulation for the payment into this Honorable Court of the aggregate amount of Petitioners' interest in the Vessel and pending freight at the termination of the voyage aforesaid, with interest at a rate to be determined by the Court from the date of the Stipulation, and for all costs; and in addition thereto, Petitioners are prepared to give bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary under any orders of this Honorable Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

19. Petitioners state that there are no unsatisfied liens or claims of liens, in contract or in tort, arising out of the circumstances referred to above, so far as known to Petitioners, and except as set forth herein.

20. All and singular the premises are true and within the admiralty and maritime or Federal Question jurisdiction of the United States, and of this Honorable Court, and constitute a claim for relief within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, JOHN SANOCKI and MICHELLE SANOCKI pray:

A. That this Honorable Court enter an Order approving as to quantum, form, and surety, the *Ad Interim* Stipulation for Value and Stipulation for Costs to be filed by Petitioners herein on which Petitioners are principal, in the amount of $500.00 with interest at a rate to be determined by the Court from the date of such Stipulation and costs, pending any appraisement as may be ordered by the Court of the amount of Petitioners' interest in the Vessel;

B. That, upon the filing of the foregoing *Ad Interim* Stipulation for Value and Stipulation for Costs, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Petitioners,

and against the Vessel and any other property owned by Petitioners, other than in these proceedings;

C. That this Court cause a Monition to be issued to all persons, firms and corporations having or alleging to have any claims by reason of the matters and happenings detailed in the foregoing Complaint, directing them to appear and file their claims with the Clerk of the Honorable Court, on or before a date to be fixed by the Court and as specified in the Monition, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the allegations of this Complaint;

D. That this Court adjudge that Petitioners and the Vessel are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings alleged in the foregoing Complaint;

E. That, in the alternative, if this Court should adjudge that Petitioners are liable to any extent in the premises, the Court shall adjudge that the liability of Petitioners shall be limited to the amount of their interest in the Vessel and pending freight at the time of the end of the voyage wherein the incident which gave rise to this action occurred, in accordance with 46 U.S.C.A. § 30501 *et seq.*; and in that event, the amount representing the value of Petitioners' interest in the Vessel and pending freight shall be divided pro rata among the claimants having made due proof of their respective claims; and that a decree be entered discharging Petitioners and the Vessel of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Petitioners and the Vessel in consequence of or arising out of or connected with the matters and happenings alleged in the foregoing Complaint; and

F. That Petitioners have such other and further relief in the premises as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **MIZEROWSKI THON & PARKER, P.C.** |
|  | */s/ Timothy W. Mizerowski*_____<br>TIMOTHY W. MIZEROWSKI (P43772)<br>WILLIAM L. PARKER (P51485)<br>NICHOLAS P. GAMBER (P83738)<br>Attorneys for Petitioners<br>43155 Main Street, Suite 2200-B<br>Novi, Michigan 48375 |
| Dated: September 6, 2023 | (734) 656-1500 |